Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000614
31-AUG-2017
08:06 AM

NO. CAAP-16-0000614

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I,
Plaintiff-Appellee,
v.
AMBER NAKI,
Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KANE'OHE DIVISION
(CASE NO. 1DCW-15-0005548)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Amber Naki, aka Amber Jardine, (Naki) appeals from the Amended Judgment and Notice of Entry of Judgment, filed on August 11, 2016 in the District Court of the First Circuit, Kane'ohe Division (District Court).[1]

After a bench trial, Naki was convicted of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(b) (Supp. 2014).[2]

---

[1] The Honorable Philip Doi presided.

[2] HRS § 711-1106(1)(b) states:

§ 711-1106 Harassment. (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

. . .

(b) Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another;

. . . .

On appeal, Naki contends there was insufficient evidence to convict her, specifically, that there was insufficient evidence showing that Naki intended to harass, annoy, or alarm the complaining witness (CW), and that Naki did in fact insult, taunt, or challenge CW in a manner likely to provoke an immediate violent response or cause CW to reasonably believe that Naki intended to cause bodily injury to CW or damage to the property of CW.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Naki's point of error as follows, and affirm.

In considering the evidence adduced at trial in the strongest light for the prosecution, State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007), we conclude that there was sufficient evidence to support Naki's conviction for Harassment under HRS § 711-1106(1)(b).

First, we conclude that there was sufficient evidence showing that Naki had the intent to harass, annoy, or alarm CW. "[T]he mind of an alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances." State v. Stocker, 90 Hawai'i 85, 92, 976 P.2d 399, 406 (1999) (quoting State v. Sadino, 64 Haw. 427, 429, 642 P.2d 534, 537 (1982)). Here, Naki first passed CW at some distance without incident, but later returned in the opposite direction and began yelling at CW from afar. Naki then proceeded to retrieve her shoes from her vehicle before confronting CW and challenging her to a fight. In light of the circumstantial evidence, it is reasonable to infer that Naki intended to harass, annoy, or alarm CW.

Lastly, we conclude that there was sufficient evidence showing that Naki did in fact insult, taunt, or challenge CW in a manner likely to provoke an immediate violent response. At trial, CW testified that Naki told CW that she was ready to fight, and that Naki stated "you no more your backup, your bodyguard to protect you now," "well, let's go, let's go," and

"we going right now."[3]  By having challenged CW to a fight "right now," it is reasonable to infer that Naki challenged CW in a manner likely to provoke an immediate violent response.

Therefore, IT IS HEREBY ORDERED that the Amended Judgment and Notice of Entry of Judgment, filed on August 11, 2016 in the District Court of the First Circuit, Kaneohe Division is affirmed.

DATED:  Honolulu, Hawai'i, August 31, 2017.

On the briefs:

Diamond U. Grace,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3]      The District Court credited CW's testimony.  "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact."  State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citations, and brackets omitted; block quote format changed).